# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ENGLES GERALD OWENS, JR., | ) |
| Petitioner, | ) ) ) |
| v. | ) NO. 3:16-cv-00836 ) CHIEF JUDGE CRENSHAW ) |
| UNITED STATES OF AMERICA | ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Pending before the Court are the Movant's Motion to Vacate, Set Aside, Or Correct Sentence In Accordance With 28 U.S.C. § 2255 (Doc. No. 1), the Movant's Supplemental Brief (Doc. No. 15), the Government's Response (Doc. No. 17), and the Movant's Reply (Doc. No. 18.)

28 U.S.C. Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to obtain relief under Section 2255, the movant must demonstrate constitutional error that had a "'substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" Hamblen v. United States, 591 F.3d 471, 473 (6th Cir. 2009)(quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)).

Movant Engles Owens, Jr. pleaded guilty on July 28, 2004, to one count of being a felon in possession of firearms in violation of 18 U.S.C. § 922(g). The Court adopts the Government's explanation of Movant's sentence:

> The default statutory range for a § 922(g) violation is zero to 10 years in prison. 18 U.S.C. § 924(a)(2). However, under the Armed Career Criminal Act (ACCA), a defendant convicted of § 922(g) who has three previous convictions for violent felonies or serious drug offenses is subject to an enhanced mandatory minimum sentence of 180 months. See id. § 924(e)(1). At sentencing, Owens was in criminal history category VI, yielding a guideline range of 262 to 327 months. (PSR, p. 22). He also qualified as an armed career criminal, which meant that the statutory sentencing range was 15 years to life. (Id., pp. 7, 22). Owens was an armed career criminal based on eight prior Tennessee convictions for aggravated burglary. (PSR, pp. 7-12). On March 21, 2005, the district court sentenced him to 237 months in prison. (Criminal Case No. 3:03-cr-160-1, DE-75, Judgment). The Sixth Circuit affirmed. See United States v. Owens, Case No. 05-5638.

(Doc. No. 17.)

Pursuant to the recently announced decision in United States v. Stitt, 860 F.3d 854 (6th Cir. 2017), however, Movant's prior aggravated burglary convictions are not violent felonies for the purpose of the ACCA, and Movant therefore does not qualify as an armed career criminal. Although the Government disagrees with the Stitt holding, both parties agree that Stitt is binding on this Court and that it mandates relief in this case. The Court also agrees that Movant no longer qualifies as an armed career criminal, and that he is entitled to have his sentence revised accordingly. Out of concern for the Movant's serious illness, the parties agree that the Court is authorized to resentence Movant without holding a formal resentencing hearing, and the Movant has expressly waived any right to be present for resentencing. (Doc. No. 17 at 4; Doc. No. 18 at 1); see 28 U.S.C. § 2255(c) (authorizing the Court to act on § 2255 motion "without requiring the production of the prisoner"); Ajan v. United States, 731, F.3d 629, 633 (6th Cir. 2013) (observing that district court had granted in part § 2255 motion and ordered that amended judgment be entered, "without conducting sentencing proceedings").

Having reviewed the pleadings, briefs and records filed in Movant's underlying criminal case, as well as the pleadings, briefs and records filed in the § 2255 case, the Court finds that the record conclusively establishes, and the parties agree, that the Movant is entitled to relief on his claims. Accordingly, the Motion (Doc. No. 1) is **GRANTED**; the Movant's sentence and judgment are hereby **VACATED**, and an amended judgment will be promptly entered in Case No. 3:03-cr-00160.

The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE